Pleading and practice; discovery; production of documents; legislative privilege; in camera inspection. — On May 28,1976 the court, en banc, entered the following order:
“This case comes before the court on the parties’ requests for review of Trial Judge Louis Spector’s interlocutory order of March 3, 1976 (passing upon plaintiff’s motion for deposition upon oral examination, plaintiff’s motion for sanctions, plaintiff’s motion for trial de novo on all issues, and defendant’s motion to require plaintiff to file motion for summary judgment) and on the suggestions of both parties that these requests for review be considered en banc. The Chief Judge has ordered under Rule 7 (b) that the requests for review be considered and determined en banc, and they have been so considered.
■ “After consideration of the parties’ presentations, but without oral argument, the court en banc affirms the Trial Judge’s order in all particulars, generally for the reasons given by him, except with respect to the defendant’s claim of legislative privilege relating to the minutes and files of the ■House Office Building Commission.
“On the latter issue the court deems it unnecessary, at this point of the case, to go beyond the suggestion set forth in footnote 15 (page 30) of the defendant’s request for review, i.e. that if the court deems it appropriate the House Office Building Commission will voluntarily honor a request by *679 the court for access to the documents for the purpose of the court’s in camera inspection, without any waiver of. the claim of legislative privilege. The court deems such in camera inspection to be appropriate and therefore accepts the offer made by the House Building Commission, directing that the in camera inspection be initially made on behalf of the court by the trial judge. The trial judge will not make these documents (or any of them) or their contents available for the inspection of the plaintiff or its counsel. However, if the trial judge finds that the documents (or any of them) are relevant and material to plaintiff’s case and that disclosure to plaintiff or its counsel is substantially necessary, he shall so advise the parties without disclosing the documents or their contents, or delivering them to plaintiff or its counsel. If he reaches a contrary result, he shall likewise so notify the parties. If either party is dissatisfied with the trial judge’s ruling, one way or the other, such party shall have the right to review by the court of such ruling. At that time the House of Representatives will have the right to reassert its claim of legislative privilege if it desires to do so.
“it is therefore ordered that the parties’ requests for review of Trial Judge Spector’s order of March 3, 1976 are both denied and such order is affirmed except that with respect to the minutes and files of the House Office Building Commission the procedure to be followed will be that set forth in the preceding paragraph of this order.”
— 0 —
Pursuant to the foregoing order, the trial judge made an in camera inspection of the material furnished for examination composed of two numbered parcels, Parcel I consisting of House Office Building Commission Minutes of Meetings, 1963 — July 1976, and Parcel II, in two folders, consisting of office records pertaining to administration of the contract involved in the present action. As set forth in an interlocutory order filed December 8, 1976, the trial judge concluded that plaintiff should be afforded an opportunity to examine Parcel II composed essentially of papers already public documents and which do not have the characteristics of a file as to which privilege is ordinarily asserted. The *680 trial judge also concluded that plaintiff is entitled to have produced only those items of Parcel I specifically identified in his order.